## In re NYAHAY.

(Surrogate's Court, Westchester County.    December 31, 1909.)

EXECUTORS AND ADMINISTRATORS (§ 471*)—CITATIONS—WAIVER—FOREIGN MINOR HEIRS.
  In proceedings for the judicial settlement of the account of an executor, the Austria-Hungarian consul, representing foreign alien infant heirs, could not waive the issuance and service of citation on such heirs.
  [Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 471.*]

Judicial settlement of the account of Michael Nyahay, as executor of the will of Mikolaj Ilkow. Application by the executor for the issuance of a citation, to which the Austria-Hungarian consul filed objection. Overruled.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Arthur J. Burns, for executor.
Arpad A. Kremer, for Consul General of Austria-Hungary.

MILLARD, S. The testator in this case died in the city of Yonkers, March 30, 1907, leaving a last will and testament in and by which he appointed Michael Nyahay, of Yonkers, as executor. The will was admitted to probate in this county, and the executor qualified, and a year and upwards has elapsed since letters testamentary were issued to him. He has filed an account of his proceedings and a petition requesting that a citation be issued to all persons interested in the estate for the judicial settlement of said account. The Austria-Hungarian consul, represented by an attorney, objects to the issuance of citation to four of the legatees, who are minors residing in Austria-Hungary, as unnecessary, and claims that he is entitled to appear for them and receive their share of the estate, without the issuance of a citation directed to be served upon them.

I have carefully examined the briefs submitted to me by the respective parties, and am thoroughly convinced that practically all of the decisions heretofore made apply to an intestate's estate, and not to one where a will has been duly made and proven, under which an executor has been appointed, who can be compelled to account, and who should be entitled to a discharge, made as is usually had in accordance with the laws of this state. The claim of the consul is based upon the fact that the citizens of Austria-Hungary are entitled to all the benefits and privileges granted to the most favored nation under any of the treaties made between this country and any foreign country, and claims that the consul under such conditions is entitled to appear for the minors who are citizens of Austria-Hungary. I cannot conceive it possible that greater privileges could be granted to alien infants than are granted to our own residing in this state, and it has been settled beyond all question that even a general guardian appointed for minor infants cannot waive the issuance and service of a citation. I therefore can see no possible course open to the executor here but to take and serve in the usual way a citation, duly returnable in this court after proper service of the same has been made.

I therefore decide that citation should issue, directed to the parties in interest, to be served in the way provided by law.